# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TERRY SHAFER HAMMOND | § § | |
| v. | § § | Civil Action No. 4:17-CV-00477 |
| | § | Judge Mazzant |
| KROGER TEXAS, L.P. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Kroger Texas, L.P.'s Motion for Summary Judgment (Dkt. #18). Having reviewed the motion and relevant pleadings, the Court finds the motion should be granted.

## BACKGROUND

On October 24, 2015, Plaintiff Terry Hammond slipped in a puddle of water that dripped from the ceiling of a Kroger store. Although Defendant positioned a container to capture any water dripping from the ceiling, Plaintiff alleges the container did not capture all of the leaking water. On June 1, 2017, Plaintiff filed suit in state court. On July 5, 2017, Defendant removed the suit to federal court. On November 9, 2017, Defendant filed its Motion for Summary Judgment (Dkt. #18). A response to the motion was due on November 24, 2017. *See* LOCAL RULE CV-7(e).[1] Plaintiff failed to file a response by November 24, 2017. In an Order issued by the Court on December 14, 2017, the Court ordered Plaintiff to file a response no later than December 22, 2017

---

[1] The current version of the Local Rules gives a party responding to a motion for summary judgment twenty-one days to respond; however, the Court uses the Local Rules in effect at the time the motion was filed. The Local Rules in effect at the time Defendant filed its motion for summary judgment provided a party responding to a motion for summary judgment fourteen days to file a response. If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first federal court business day following the deadline imposed. Because fourteen days from November 9, 2017 is November 23, 2017, a legal holiday—thanksgiving, Plaintiff's response deadline was November 24, 2017.

(Dkt. #20). As of the date of this Memorandum Opinion and Order, Plaintiff has not filed a response to the motion.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the non-movant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the non-movant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the non-

movant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A non-movant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the non-movant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendant argues summary judgment is proper because Plaintiff fails to provide any evidence that Defendant had actual or constructive knowledge of the alleged puddle of water on the floor.

In order for Plaintiff to recover in this case, Plaintiff must prove each of the following:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 892 (5th Cir. 2000) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). It is the first element—the notice element—that Defendant claims Plaintiff cannot satisfy. Plaintiff can establish the notice element in one of three ways:

> (1) proof that employees caused the harmful condition; (2) proof that employees either saw or were told of the harmful condition prior to the plaintiff's injury therefrom; or (3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care.

*Id.* (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).

Here, Plaintiff failed to respond to Defendant's motion for summary judgment, which results in the Court assuming that "Plaintiff does not controvert the facts set out by Defendant and [Plaintiff] has no evidence in opposition to [Defendant's] motion." (Dkt. #20). Further, Plaintiff failed to respond to Defendant's requests for admissions meaning such admissions are deemed admitted. *See* FED. R. CIV. P. 36(a) (a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within thirty days). As such, the Court looks to Defendant's motion and request for admissions to determine whether evidence exists to satisfy the notice element.

Because Plaintiff failed to respond to Defendant's requests for admissions, Plaintiff admits that: (1) no Kroger employee was responsible for putting the puddle of water on the floor or for the container not adequately capturing water; (2) she is unaware of any statements made by any Kroger employee, either before or after the incident, that the employee was aware of the puddle of water on the floor or that the container was not adequately capturing water; (3) she has no personal knowledge regarding the specific amount of time that the puddle of water was on the floor or that the container was not adequately capturing water; (4) she has no evidence that Kroger had actual knowledge of the alleged puddle of water on the floor or the alleged container not adequately capturing water before Plaintiff's fall; and (5) she has no evidence that Kroger had constructive knowledge of the alleged puddle of water on the floor or the alleged container not adequately capturing water before Plaintiff's fall. (*See* Dkt. #18, Exhibit 1 Defendant's Requests for Admissions Nos. 1–2, 10–11, 24–25, 33, 35, 37, 39).

4

Under Rule 36(b), "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). Plaintiff failed to make a motion for withdrawal or amendment of her admissions. As such, Defendant conclusively established that there is an absence of evidence on an essential element—the notice element—in Plaintiff's premises liability case. *See Celotex*, 477 U.S. at 325; *Byers*, 209 F.3d at 424 (5th Cir. 2000). As a result, the Court finds that Defendant's motion for summary judgment should be granted.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #18) is hereby **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice.**

**SIGNED this 29th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE